(83 Misc. Rep. 84.)

### HERSHKOPF v. KACZER.

(Supreme Court, Appellate Term, First Department. December 18, 1913.)

1. JUDGMENT (§ 715*)—CONCLUSIVENESS—MATTERS CONCLUDED.
    In an action to dispossess defendant for nonpayment of rent, a judgment in a similar proceeding between the same parties, holding that, under the facts there presented, plaintiff was estopped to claim that he had not assigned his lease to defendant's vendor, is not an adjudication of whether the lease executed to defendant's vendor was an assignment of the original lease or a sublease.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1244–1246; Dec. Dig. § 715.*]

2. LANDLORD AND TENANT (§ 308*)—ACTIONS TO DISPOSSESS—EVIDENCE—ADMISSIBILITY.
    In an action to dispossess a tenant, where evidence of payment of rent was offered solely to prove occupancy, testimony of defendant of the reason for the payment is immaterial.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1314–1316; Dec. Dig. § 308.*]

3. LANDLORD AND TENANT (§ 79*)—ASSIGNMENTS—WHAT CONSTITUTES.
    Where defendant's vendor agreed to pay plaintiff, himself a lessee, as landlord, a stipulated rent, a lease executed by plaintiff to defendant's vendor must be construed as a sublease, and not an assignment.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 235, 244–253; Dec. Dig. § 79.*]

    Whitaker, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan.
Action by Adolph Hershkopf against Sigmund Kaczer. From a judgment for plaintiff, defendant appeals. Affirmed.
Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Reuben Dorfman, of New York City, for appellant.
Nathan Waxman, of New York City, for respondent.

LEHMAN, J. The plaintiff has obtained a final order dispossessing the defendant from premises occupied by him for nonpayment of the rent of the premises for the months of May and June, 1913. It is undisputed that the plaintiff had a lease of the premises in June, 1912; that in or about that month he leased the premises to one George Engel till May 1, 1916; that on or about the 4th day of December, 1912, George Engel assigned his lease to the defendant; and that the defendant has been in possession of the premises since that date.

[1] This case is the third proceeding brought by the plaintiff to dispossess the defendant from these premises. In the first proceeding the plaintiff obtained a final order upon the direction of a verdict in his favor. That order was reversed by this court (Hershkopf v. Engel, 142 N. Y. Supp. 344), and a new trial granted. The opinion in that case, written by myself, shows that the issues there considered were entirely different from those raised in this case. In the earlier case Hershkopf testified that Engel received no assignment of any lease from him, but went into the premises in June, 1912, as his monthly tenant, while Kaczer testified that he entered into a partnership with Engel thereafter, and at that time Hershkopf told him that he had assigned his lease to Engel.

Upon that record we held that if Kaczer's testimony was true, even though Hershkopf had as a matter of fact made no written assignment of his own lease, yet he is not entitled to a final order of dispossess, because he had led Kaczer to believe that he was not his tenant, and Kaczer had not entered the premises with any intention of becoming his tenant, and therefore no conventional relation of landlord and tenant existed between them. In this case, however, it is not disputed that Hershkopf did lease the premises to Engel in June, 1912, till May 1, 1916, and that this lease was subsequently assigned to Kaczer.

If we construe the defendant's answer as amended at the trial as broadly and favorably as possible, it certainly raises no issue except as to whether the lease executed to Engel in 1912 was a sublease to him or an assignment of the original lease, because it was made for the entire remainder of the term owned by Hershkopf. This court did not have this issue presented to it in the earlier case, and our decision in that case is entirely irrelevant to this issue.

[2] The plaintiff alleges in his petition in this case that in a proceeding to dispossess the tenant it was adjudicated that in the month of June the lease to Engel was made, and that in and by said lease Engel agreed to pay the landlord certain annual sums as rent. These allegations are admitted by the defendant, but he claims affirmatively that in that same proceeding it was adjudicated that the lease to Engel constituted an assignment of Hershkopf's lease, and not a sublease. The defendant failed utterly to establish any adjudication that the lease given to Engel constituted an assignment of his interest in the premises. Neither side introduced any evidence of the proceedings of May 19th, which both sides claim constituted an adjudication of the

allegations in this action, and which the defendant admitted did constitute an admission of all the plaintiff's material allegations, except the occupancy by the defendant. This allegation the plaintiff proved by evidence that from January to April the defendant paid rent for the premises to the plaintiff.

The plaintiff, therefore, has fully proven his case. The defendant offered no evidence that was, in my opinion, of the slightest materiality. He did attempt to show that all installments of rent to Hershkopf were paid under advice of counsel, because of the final order in Hershkopf's favor in the first proceeding, subsequently reversed. Inasmuch as under the pleadings the payment of this rent was material only on the question of occupancy, and on this issue the reason why the rent was paid to Hershkopf is totally immaterial, the evidence was properly rejected.

[3] The defendant, however, claims that as a matter of law a lease by a tenant to a third person of his whole term constitutes an assignment of his interest in the lease. There is absolutely no evidence in this case of the terms of the original lease, and it is therefore quite impossible for a court to say that the lease by Hershkopf to Engel was for his whole term, and at the same rate of rent, and in view of the admission that in and by the lease Engel agreed to pay *to this landlord* a stipulated rent, it is plain that this lease was not an assignment of the original lease.

Since there was no issue of fact in the case, the trial justice properly rendered judgment, and the final order must be affirmed.

PAGE, J., concurs.  WHITAKER, J., dissents.